Nathan C. Volheim
Attorney Email Address: nvolheim@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| SEAN MCCULLOUGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAXIMUM TITLE LOANS, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATION OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**3. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes SEAN MCCULLOUGH ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD. ("Sulaiman"), complaining as to the conduct of MAXIMUM TITLE LOANS, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, Intentional Infliction of Emotional Distress ("IIED"), and Breach of Contract, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the District of Arizona, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Maricopa County, Arizona, which is located within the District of Arizona.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant provides title loan services. Defendant is a corporation organized under the laws of the state of Arizona with its principal place of business located at 9261 W. Via De Ventura, Suite 102, Scottsdale, AZ 85258. As such, Defendant regularly collects upon consumers located in the state of Arizona.

7. Defendant is a "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. On May 1, 2018, Plaintiff entered a secured financing agreement ("subject agreement") with Defendant to obtain a 60 days no payment title loan in the amount $10,000 ("subject loan").

10. As collateral for this loan, Plaintiff pledged his 2017 Jeep Grand Cherokee.

11. Under the subject agreement, Plaintiff was to make twelve scheduled payments with his first payment due on June 30, 2018 and the last payment due on May 30, 2019.

12. By May 30, 2019, Plaintiff would have paid the principal and interest on the subject loan.

13. Immediately after entering this agreement, Plaintiff began receiving collection calls, text messages to his cellular phone, (949) XXX- 7677, from Defendant attempting to collect on the subject loan.

14. At all times relevant to the instant action, Plaintiff was sole subscriber, owner, and operator of the cellular phone ending in 7677. Plaintiff has and always been financially responsible for the cellular phone and services.

15. Defendant has used several phone numbers to place collection calls and sent text messages, including but not limited to: (480) 434-6595, (480) 426-8707, (602) 677-5411, (602) 677-5411, (602) 242-5626 and (602) 603-0939.

16. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length and has to say "hello" several times, before being connected with a live representative.

17. On countless occasions, Plaintiff informed Defendant that Defendant should not be contacting him as payment on the subject loan was not yet due and demanded that Defendant stop calling him. Despite Plaintiff's requests, Defendant continued its collection campaign.

18. Plaintiff received *at least* 30 calls after he told them to stop calling.

19. Additionally, Defendant contacted Plaintiff's family members, friends and even his employer in an attempt to collect upon the subject loan. Many of the individuals contacted by the Defendant were not listed on Plaintiff's loan application. Upon information and believe, Defendant skip-traced Plaintiff in order to obtain this sensitive information about him.

20. Defendant's actions have been highly stressful to Plaintiff and have caused him emotional stress. Not only did he suffer from the aggregation of receiving collection calls for a debt that payment was not due on but his relationship with his family members, friends and employer was negatively impacted by Defendant's conduct.

21. As a result of Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, emotional distress and was coerced by Defendant's conduct to sell his 2017 Jeep Cherokee at below market to stop Defendant's harassing collection activities.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length, and had to repeatedly say "hello" prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 30 phone calls and sending multiple text messages to Plaintiff's cellular phones using an ATDS without his consent. Any consent Plaintiff's may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by him demands that it cease contacting them.

27. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff's for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff's is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SEAN MCCULLOUGH, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

extreme emotional distress; (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (Cal. 1979).

31. Defendant intentionally engaged in extreme and outrageous collection campaign by not only placing calls to Plaintiff's cellular phone but by also contacting his family members, friends and employer in an attempt to coerce Plaintiff into paying the subject debt which was not yet due. Calling Plaintiff's friends, family members and employer attempting to collect on the subject debt was an attempt to harass Plaintiff's well-being in an attempt to force him to make a payment in order for the collection calls to cease.

32. Defendant knew that its attack of Plaintiff's reputation would inflict severe emotional distress on Plaintiff's and their general well-being.

33. Defendant's actions were designed to instill anguish and emotional distress upon Plaintiff.

34. Defendant's intentional and reckless conduct caused severe emotional distress to Plaintiff.

35. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exacerbation of Plaintiff's anxiety, frustration and embarrassment.

36. As pled in paragraphs 20 through 22, Plaintiff was severely damaged by Defendant's conduct.

WHEREFORE, Plaintiff, SEAN MCCULLOUGH, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT III – BREACH OF CONTRACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant entered into a secured financing agreement with Plaintiff, and Plaintiff included his 2017 Jeep Cherokee as collateral.

39. Defendant breached its contractual agreement with Plaintiff by continuously harassing him, inappropriately obtaining personal information about Plaintiff, disclosing confidential information to third parties, acting in bad faith, intentionally causing Plaintiff to sell his 2017 Jeep Cherokee below market value, and violating the above-referenced laws.

40. Due to Defendant's breach, Plaintiff was damaged in an amount to be proven at trial but not less than $20,000.00.

41. Pursuant to A.R.S. § 12-342.01, Plaintiff is entitled to recover reasonable attorneys' fees arising from this litigation, as well as costs incurred herein.

WHEREFORE, Plaintiff, SEAN MCCULLOUGH, respectfully request that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages in an amount to be determined at trial;

    c. Awarding Plaintiff punitive damages in an amount to be determined at trial;

    d. For costs and attorneys' fees pursuant to A.R.S. § 12-342.01; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: February 4, 2019                   Respectfully submitted,

By: /s/ Nathan C. Volheim, Admitted Pro Hac Vice
Nathan C. Volheim
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188

Email: nvolheim@sulaimanlaw.com