**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean McCullough,<br><br>    Plaintiff,<br><br>v.<br><br>Maximum Title Loans LLC,<br><br>    Defendant. | No. CV-19-00717-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Maximum Title Loans LLC's Motion to Dismiss (Doc. 17, Mot.), to which Plaintiff Sean McCullough filed a Response (Doc. 18, Resp.), and Defendant filed a Reply (Doc. 20, Reply).

**I.  BACKGROUND**

On May 1, 2018, Plaintiff obtained a loan from Defendant for $10,000. (Doc. 1, Compl. ¶ 9.) Pursuant to a financing agreement governing the loan (the "Agreement"), Plaintiff was obligated to make scheduled payments to Defendant with the first payment due on June 30, 2018. (Compl. ¶ 11.)

Plaintiff alleges that Defendant made calls and sent text messages to his cell phone attempting to collect on the loan immediately after the parties entered the Agreement. (Compl. ¶ 13.) When answering the calls, Plaintiff experienced a pause lasting several seconds and repeatedly said "hello" before being connected to a live representative. (Compl. ¶ 16.) Plaintiff asked that Defendant stop contacting him because payments under the Agreement were not yet due. (Compl. ¶ 17.) Notwithstanding Plaintiff's request,

Defendant allegedly made at least thirty more calls to Plaintiff from multiple phone numbers. (Compl. ¶ 18.)

In February 2019, Plaintiff filed a Complaint alleging that Defendant willfully and knowingly violated the Telephone Consumer Protection Act ("TCPA"). (Compl. ¶ 28.) Plaintiff alleges that Defendant used an automatic telephone dialing system ("ATDS") to make calls and send text messages to Plaintiff's cell phone without Plaintiff's consent. (Compl. ¶¶ 25–26.) In the Complaint, Plaintiff also raises claims for intentional infliction of emotional distress and breach of contract (collectively the "state law claims"). (Compl. ¶¶ 31, 39.) Defendant now moves to dismiss the TCPA cause of action for failure to state a claim, and to the extent that motion is granted, Defendant contends that the Court should decline to retain jurisdiction over the state law claims and therefore dismiss the balance of the Complaint. (Mot. at 1.)

## II. LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III. ANALYSIS**

Defendant argues that Plaintiff did not sufficiently allege facts to establish that Defendant used an ATDS and therefore failed to state a TCPA claim that is plausible on its face. (Mot. at 4.) Plaintiff, however, argues that it is plausible that an ATDS was used because Plaintiff experienced a significant pause before being connected with a representative, and Plaintiff received at least thirty more calls from Defendant after repeated requests that Defendant not contact him. (Resp. at 5.)

Under the TCPA, it is "unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service."[1] 47 U.S.C. § 227(b)(1)(A)(iii). To state a TCPA claim, a plaintiff must sufficiently allege that: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Defendant contends the TCPA claim should be dismissed because Plaintiff has failed to sufficiently allege the second element.

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(b)(1)(A)(iii). "[A] system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield*, 569 F.3d at 951. The Ninth Circuit has explained that "dialing equipment does not need to dial numbers or send text messages 'randomly'

---

[1] The Ninth Circuit has held "that a text message is a 'call' within the meaning of the TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

in order to qualify as an ATDS under the TCPA." *Flores v. Adir Int'l, LLC*, 685 Fed. Appx. 533, 534 (9th Cir. 2017) (mem. decision). Further, courts within the Ninth Circuit have acknowledged "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery" and have found that courts can infer the use of an ATDS from the details of the call. *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) (quoting *Knutson v. Reply!, Inc.*, No. 10-CV-1267-BEN, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011)).

Plaintiff argues he "sufficiently described Defendant's system as an ATDS" by alleging that: (1) he received collection calls and text messages to his cellular phone from Defendant beginning soon after May 1, 2018; (2) upon answering the phone calls, Plaintiff experienced a significant pause before being connected with a live representative; (3) on multiple occasions, Plaintiff demanded Defendant stop contacting him because the loan repayment was not yet due; and (4) notwithstanding Plaintiff's demands, Defendant made at least thirty more calls to Plaintiff. (Resp. at 5.) Plaintiff also contends that he "cannot be expected to assert any further details regarding Defendant's telephone system without being afforded the opportunity to conduct discovery." (Resp. at 9.)

Defendant, however, asserts that "[t]he argument that debt collection calls, numerous in nature, are suggestive of the use of an ATDS because of a pause is merely conclusory, an unwarranted deduction of fact, and an unreasonable inference." (Reply at 2.) Defendant argues that Plaintiff has failed to allege that he "receiv[ed] text messages from a 'short code', . . . that calls contained pre-recorded messages, . . . that artificial voices were used, . . . that text messages were sent automatically to large groups en masse, [and] that the nature of the calls were arbitrary solicitations." (Reply at 5.) Defendant also contends that Plaintiff failed to establish the use of an ATDS because the alleged calls were not random, but "directed specifically toward Plaintiff in order to collect on a debt that Plaintiff owed." (Mot. at 4.)

The Court finds that Plaintiff's TCPA claim is plausible based on the facts alleged. "When evaluating the issue of whether equipment is ATDS, the [TCPA's] clear language

mandates that the focus be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Satterfield*, 569 F.3d at 951 (emphasis in original). The fact that Defendant may have targeted Plaintiff for debt collection purposes is therefore not dispositive as to whether Defendant used an ATDS to initiate the communication. *See Flores*, 685 Fed. Appx. at 534; *Daniels v. ComUnity Lending, Inc.*, No. 13-CV-0488-WQH-JMA, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014) ("[T]he TCPA applies to debt collectors and they may be liable for offending calls made to wireless numbers."). Moreover, while the types of allegations Defendant identifies would certainly strengthen Plaintiff's argument, the use of pre-recorded messages or artificial voices for purposes of solicitation are not required for equipment to be an ATDS under the TCPA.

Here, upon answering Defendant's calls, Plaintiff experienced a pause lasting several seconds. Courts in this circuit have found that "general allegations [of use of an ATDS] are sufficiently bolstered by specific descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking" and that such allegations make it plausible that an ATDS was used. *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2016 WL 5791411, at *7 (N.D. Cal. Sept. 1, 2016). Plaintiff further alleges that Defendant made at least thirty calls to Plaintiff after Plaintiff repeatedly requested that such calls stop. Accepting these factual allegations as true, it is reasonable to infer that Defendant used an ATDS when contacting Plaintiff. *See Hickey*, 887 F. Supp. 2d at 1129–30. Because Plaintiff has plausibly alleged a claim under the TCPA, the Court will deny Defendant's Motion to Dismiss in part and retain supplemental jurisdiction over the state law claims.

Defendant also argues that "Plaintiff has failed to assert any facts that support the contention that any conduct of Defendant constituted a willful and knowing violation." (Mot. at 4.) The TCPA permits a person bringing an action under the TCPA "to receive $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B). To the extent the Court finds that a defendant willfully or knowingly violated the TCPA, the Court has the

discretion to increase the award to an amount equal to but not more than three times the amount of damages available. *Id.* § 227(b)(3).

The Court finds that Plaintiff's claim that Defendant willfully and knowingly violated the TCPA is not plausible based on the facts alleged. Defendant correctly notes that Plaintiff has failed to assert any facts that suggest that Defendant's alleged TCPA violation was willful and knowing. But if a defective complaint can be cured, a plaintiff is entitled to amend the complaint before a portion of it is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Because it is possible that Plaintiff could allege facts which show Defendant acted willfully and knowingly, the Court grants leave to amend his claim for treble damages. *See id.* If any such amendment fails to cure the defects in Plaintiff's claim for a willful and knowing violation of the TCPA, the Court will dismiss that portion of the Complaint with prejudice.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 17). Plaintiff has stated a claim for a violation of the TCPA but has failed to allege any facts giving rise to a knowing and willful violation under 47 U.S.C. § 227(b)(3).

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend his Complaint in accordance with the provisions of this Order, if he chooses to do so. Plaintiff shall file any Amended Complaint no later than September 3, 2019.

Dated this 20th day of August, 2019.

Honorable John J. Tuchi
United States District Judge